UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

Baila Reinhold,

        Plaintiff,                                    **C.A. No.:** 1:21-cv-7122

  -against-                                    **DEMAND FOR JURY TRIAL**

Experian Information Solutions, Inc.,
Comenity Bank,

        Defendant(s).

------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Baila Reinhold ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Experian Information Solutions, Inc., ("Experian") and Defendant Comenity Bank, doing business as Comenity Bank/SonyVisa ("Comenity"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Kings.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of New York, and may be served with process upon the CT Corporation System, its registered agent for service of process at 28 Liberty St 42nd Floor, New York, NY 10005.

7. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Comenity, is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service in the State of New York care of C T Corporation System, its registered agent for service of process at 28 Liberty St 42nd Floor, New York, NY 10005.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Comenity Accounts Dispute and Violation

11. Upon information and belief, on a date better known to Defendant Experian, Defendant Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to a Comenity Bank/SonyVisa account (account# 440263xxxxxx).

12. The payment history lists the account as charged off in December 2020 and January 2021.

13. The payment status is also listed as "charge-off" as of January 2021.

14. The account status is listed as "closed."

15. The balance is listed as "$0."

16. Yet, there is an inaccurate "Monthly payment" amount listed as "$202."

17. The inaccurate information furnished by Defendant Comenity and published by Defendant Experian is inaccurate since the account is closed with a zero-dollar balance, yet there is a monthly payment reporting for January of 2021.

18. On January 18, 2021, the Plaintiff alerted Defendant Experian to this data error, but the subject account continued to be reported with an erroneous monthly payment amount.

19. Defendant Experian has been reporting this inaccurate information through the issuance of false and inaccurate information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

20. Upon information and belief, Experian notified Comenity of the Plaintiff's dispute.

21. Upon receipt of the Plaintiff's dispute of the account from Experian, Comenity failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

22. Had Comenity done a reasonable investigation it would have been revealed to Comenity that the subject account was being reported inaccurately and should have been suppressed and/or permanently deleted from Plaintiff's account.

23. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed accounts, Experian did not evaluate or consider any of the information, claims or evidence of the Plaintiff and did not make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed accounts were inaccurate.

24. Experian violated 15 U.S.C. § 1681 (a)(1)(A) by failing to conduct a reasonable investigation and failing to correct or delete the disputed tradelines within 30 days of receiving Plaintiff's dispute letter.

25. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

26. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, the mental and emotional pain, anguish humiliation and embarrassment of credit denial.

**FIRST CAUSE OF ACTION**

**(Willful Violation of the FCRA as to Experian)**

27. Plaintiff incorporates by reference paragraphs 1-31 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

28. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

29. Experian violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

30. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

31. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

32. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

33. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Experian)**

34. Plaintiff incorporates by reference paragraphs 1-31 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

35. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

36. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

37. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

38. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

39. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

40. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant Comenity)

41. Plaintiff incorporates by reference paragraphs 1-31 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

42. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

43. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

44. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

45. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

46. The Defendant Comenity violated 15 U.S.C. § 1681s2-b by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information

regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

47. Specifically, the Defendant Comenity continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the identify theft and fraud perpetrated on her account.

48. As a result of the conduct, action and inaction of the Defendant Comenity, the Plaintiff suffered damage by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

49. The conduct, action and inaction of Defendant Comenity was willful, rendering Defendant Comenity liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

50. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Comenity in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in her favor against Defendant Comenity for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Defendant Comenity)**

51. Plaintiff incorporates by reference paragraphs 1-31 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

52. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

53. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

54. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

55. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

56. Defendant Comenity is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

57. After receiving the Dispute Notices from Experian, Equifax and Transunion, Defendant Comenity negligently failed to conduct its reinvestigation in good faith.

58. A reasonable investigation would require a furnisher such as Defendant Comenity to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

59. The conduct, action and inaction of Defendant Comenity was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

60. As a result of the conduct, action and inaction of the Defendant Comenity, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit,

and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

61. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Comenity in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in her favor against Defendant Comenity, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

62. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  December 27, 2021

        /s/ Tamir Saland
        **Stein Saks, PLLC**
        By:  Tamir Saland
        One University Plaza, Ste. 620
        Hackensack, NJ 07601
        Phone: (201) 282-6500
        Fax: (201)-282-6501
        tsaland@steinsakslegal.com